IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CINCINNATI INSURANCE COMPANY,

        Plaintiffs,

    vs.

AMEREN SERVICES COMPANY,
CENTRAL ILLINOIS PUBLIC SERVICE
COMPANY, and WRB REFINING LLC,

        Defendant.

Case No. 14-cv-355-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant WRB Refining LLC's (WRB) Motion to Dismiss (Doc. 41). The case at bar is an action for declaratory judgment by Cincinnati Insurance Company regarding insurance coverage sought by Ameren and Central Illinois Public Service Company stemming from an underlying claim and demand for arbitration brought against Ameren and CIPSC by WRB. (Doc. 24). Cincinnati filed an action for declaratory judgment and alleged in its Complaint that the underlying claim by WRB against Ameren and/or CIPSC is based on breach of contract and acts or omissions by Ameren and/or CIPSC. (Doc. 24-17).

Cincinnati asserts in Count I that it will not provide coverage to the extent that the coverage was not required under the Ameren-Keeley contract and/or to the extent that their liability is determined to arise out of negligence or willful misconduct of the parties as such actions were specifically excluded from coverage in the contract. (Doc. 24-17). In Count II, Cincinnati seeks a further declaration that it is not obligated to provide coverage for liability assumed under the contract. Specifically, there is an exclusion that precludes coverage for property damage for

which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  The third count seeks a declaration that Cincinnati is not required to provide coverage for damages that do not arise from "property damage" caused by an "occurrence" relating to work performed by or on behalf of Keeley.  Count IV seeks a declaration that the plaintiff is not required to defend or indemnify Ameren until other coverage has been exhausted.  Finally, Count V seeks a declaration that the plaintiff is not required to indemnify Ameren for any voluntary payments or assumed liability for the occurrence.  WRB thereafter filed a Motion to Dismiss arguing that Cincinnati cannot establish that it does not have a duty to defend, and Cincinnati's prayer for declaratory relief regarding its duty to indemnify is premature. (Doc. 26).

      Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  All of the well-pleaded factual allegations contained in the amended complaint must be taken as true and construed in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989). Dismissal for failure to state a claim is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

      In this case, Cincinnati has undertaken the defense of Ameren under a Reservation of Rights.  WRB contends that any determination concerning the insurers' duty to indemnify would be premature at this point in time because liability in the action has not yet been resolved and such a determination of Ameren's liability is not appropriate for this action. However, while Cincinnati has undertaken the defense of Ameren, it does not necessarily follow that they have

the duty to defend, which is one of the grounds on which Cincinnati has requested a declaration from this Court.

Under Illinois law, an insurer that takes the position that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend may not simply refuse to defend the insured. *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co*., 579 N.E.2d 322, 335 (1991). The duty to defend is broader than the duty to indemnify and arises if the facts alleged in the underlying complaint fall potentially within the policy's coverage. *Crum & Forster Managers Corp. v. Resolution Trust Corp*., 620 N.E.2d 1073, 1081 (1993). Conversely, the duty to indemnify arises only if the facts alleged actually fall within coverage. *Id*. Where there is no duty to defend, there will be no duty to indemnify. *Id*.

Plaintiff has sufficiently alleged that the allegations in the underlying Demand for Arbitration do not fall within the scope of the policy's coverage. Specifically, Plaintiff has alleged that Counts I and II of the Demand for Arbitration are both based on an alleged breach of the WRB-Ameren Contract, and Plaintiff further alleges that the policy at issue would create no duty to defend or indemnify. A declaration of the type sought by Plaintiff is not premature as it would determine the rights of the parties under the contract and prevent further damages from accruing. For the foregoing reasons, the Court DENIES Defendant WRB's Motion to Dismiss.
IT IS SO ORDERED.

DATED: December 2, 2014

_/s/_ Staci M. Yandle_____
STACI M. YANDLE
DISTRICT JUDGE