IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CINCINNATI INSURANCE COMPANY,

    Plaintiffs,

vs.

AMEREN SERVICES COMPANY,
CENTRAL ILLINOIS PUBLIC SERVICE
COMPANY, and WRB REFINING LLC,

    Defendant.

Case No. 14-cv-355-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ameren Services Company's (Ameren) Motion to Dismiss (Doc. 26). For the following reasons, the Court **DENIES** the motion.

This is an action for declaratory judgment by Cincinnati Insurance Company regarding insurance coverage sought by Ameren and Central Illinois Public Service Company stemming from an underlying claim and demand for arbitration brought against Ameren and CIPSC by WRB Refining. In its Amended Complaint, Cincinnati asserts that it does not owe coverage or a defense to Ameren under its policy. It has made several offers to defend Ameren subject to a Reservation of Rights. (Doc. 24). Ameren rejected Cincinnati's offers to defend and demanded that they offer defense without a Reservation of Rights. (Doc. 24).

In Count I of its Complaint, Cincinnati asserts that coverage was not required under the Ameren-Keeley contract to the extent their liability is determined to arise out of negligence or willful misconduct of the parties as such actions were specifically excluded from coverage in the contract. (Doc. 24-17). In Count II, Cincinnati seeks a further declaration that it is not obligated to provide coverage for property damage liability assumed under the contract. Count III seeks a

declaration that Cincinnati is not required to provide coverage for damages that do not arise from "property damage" caused by an "occurrence" relating to work performed by or on behalf of Keeley. Count IV seeks a declaration that the plaintiff is not required to defend or indemnify Ameren until other coverage has been exhausted. Finally, Count V seeks a declaration that the plaintiff is not required to indemnify Ameren for any voluntary payments or assumed liability for the occurrence.

The district court's authority to decide an action seeking declaratory judgment arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1986). Under the Act, however, a district court ought not grant declaratory relief unless there is an actual, "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Whether an actual controversy exists depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Ameren first contends that there is no "actual controversy" which is necessary for this Court to maintain jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. In the insurance context, the case or controversy requirement is not satisfied until a suit has been brought against the insured that might lead to a claim against the insurer. See *id*. ("The mere possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution"). "[A]n 'apprehension alone, if not inspired by the defendant's actions, does not give rise to an actual controversy.'"

2

*Commercial Underwriters Ins. Co. v. Aires Environmental Serv., Ltd.*, 2002 WL 31017617, *2 (N.D.Ill.2002) (citing *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir.1995)).  In this case, Cincinnati asserts that Ameren has sought coverage from it with respect to the pending unresolved claim and demand for arbitration commenced against Ameren in which over $20 million in damages is sought.  Cincinnati contends that it does not owe any coverage, either defense or indemnity, in relation to these claims against Ameren.

Ameren relies on *Atlanta International, Inc. v. Atchison, Topeka and Sante Railway Co., et al.*, 938 F.2d 81 (7th Cir. 1981), for its argument that there is no controversy in this case.  In *Atlanta International,* while the defendant had mailed a letter notifying the plaintiff of a verdict and the prospect of settlement discussions, there was no indication that the plaintiff was expected to pay anything. The letter was not a demand for payment.  *Id. at 82.* In this case, there has been a tender of defense and there is a pending case for which Ameren has demanded indeminification from Cincinnati.  Therefore, this case is distinguishable from *Atlanta International*.

While Ameren agrees that no coverage is owed under the specific circumstances raised in Counts I-III, it has not withdrawn its tender to Cincinnati nor has it accepted Cincinnati's offer to defend under a Reservation of Rights.  In fact, Ameren issued another tender on July 11, 2014 and further argues that there can be no "case or controversy" until Cincinnati responds to its most recent tender.  The amended complaint is a sufficient response to the July 11, 2014 tender, especially in light of the fact that the new tender involves the same claim and coverage issues as the previous tender and Cincinnati has reiterated its position that it will only provide defense under a Reservation of Rights.  Therefore, Ameren is on notice of Cincinnati's position and a new tender does not change the nature of the controversy in this case. Ameren's general

agreement with the terms of the contract does not resolve the issue as to the extent of Cincinnati's obligations under the facts of this specific case.

Ameren further asserts that the case must be dismissed because Cincinnati has entered into a 50/50 co-primary defense agreement with Bituminous, another insurance company, based on a response by Bituminous to Ameren's tender letter. However, because Ameren has never accepted Cincinnati's offer of defense under a Reservation of Rights, there could be no agreement with a third party to defend Ameren in the pending action. Even if such an agreement existed, it would not resolve the issue of Ameren refusing to accept defense under a Reservation of Rights nor would it resolve the question of what, if any, coverage is owed at all.

Ameren also argues that the Reservation of Rights requested by Cincinnati was vague and did not clearly inform Ameren of the rights reserved. However, the reservation clearly asserts the rights being reserved by Cincinnati. Further, even if the Reservation of Rights was not sufficient, it would not affect the Court's determination of whether there is an actual controversy in this case since the defense under the reservation was refused and Cincinnati is seeking a declaration of its obligations under the insurance contract. Therefore, the Court finds that an actual controversy does exist and it is appropriate for Cincinnati to seek a determination of its rights and obligations regarding the issues raised in Counts I, II, and III.

Regarding Count IV, Ameren contends that there is no controversy because of the terms listed in the insurance contract. Specifically, Ameren points to the phrase, "where required by a written contract or agreement, this insurance is primary and/or noncontributory," and asserts that Cincinnati cannot claim a controversy unless it goes against its own contract. However, Cincinnati is seeking declaratory judgment regarding its rights and obligations and it has pled sufficient facts and allegations to show that a controversy exists regarding whether it is obligated

4

to provide any coverage, whether primary or not.  Therefore, while this term is included in the contract generally, there remains a controversy as to how the term applies in this case.

Finally, regarding Count V, Ameren asserts that it has not made any voluntary payments or assumed any liability for the occurrence so the issue is not in controversy.  However, the suit against Ameren is ongoing and arbitration is taking place.  The purpose of a declaratory judgment is to avoid the accrual of avoidable damages and Cincinnati need not wait until such damages occur to bring suit for a declaration.  The fact that there is an ongoing suit against the insured for which the insurer may be liable is sufficient to give rise to a controversy, especially since assumptions of liability and voluntary payments may occur in the course of case negotiations.

For the foregoing reasons, the Court DENIES the defendant's Motion to Dismiss.

IT IS SO ORDERED.

DATED: April 3, 2015

                                                        _/s/ Staci M. Yandle
                                                        STACI M. YANDLE
                                                        DISTRICT JUDGE